IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEANYI JOSEPH OKORAFOR, | : Civil No. 3:20-CV-2221 |
| | : (JUDGE MARIANI) |
| Petitioner | : |
| v. | : |
| WARDEN CRAIG A. LOWE, | : |
| Respondent | : |

## MEMORANDUM OPINION
### I. BACKGROUND

On November 19, 2018, Petitioner Heanyi Joseph Okorafor ("Petitioner"), filed a petition for writ of habeas corpus challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For relief, Petitioner requested release from custody under an order of supervision and a declaration that his continued detention is not authorized and/or violates the Fifth Amendment. (*Id.* at 27.) At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility in Hawley, Pennsylvania.

Respondent filed a Notice of Removal and Suggestion of Mootness on June 14, 2021. (Doc. 23.) Respondent states that Petitioner was removed from the United States to Nigeria on August 18, 2020, and the Court should therefore dismiss the habeas petitioner as moot because there is no further relief available to Petitioner. (*Id.* at 2.)

## II. DISCUSSION

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. (*See* Doc. 1.) Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the

petitioner was released). Consequently, the instant habeas petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

### III. CONCLUSION

For the reasons set forth above, Petitioner's Emergency Successive Petition for a Writ of Habeas Corpus and Release from Detention (Doc. 1) will be deemed moot. This determination renders Magistrate Judge Martin C. Carson's Report and Recommendation (Doc. 15) recommending denial of the Petition moot and Petitioner's Motion to Expedite the Adjudication of the Wirt of Habeas Corpus Petition (Doc. 22). A separate Order will accompany this Memorandum Opinion.

Robert D. Mariani
United States District Judge